# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

PAUL KEITH, :
:
          **Plaintiff,** :
:
v. :
: No. 7:18-cv-00042-HL-TQL
:
Warden DON BLAKELY; *et al.*, :
:
          **Defendants.** :
_____:

## ORDER

Plaintiff Paul Keith has moved to appeal *in forma pauperis*. Mot. for Leave to Appeal *In Forma Pauperis*, ECF No. 42. After reviewing the record, the Court enters the following Order.

Plaintiff seeks to appeal the judgment in favor of Defendants entered on January 4, 2019. Order Adopting R. & R., ECF No. 37; J., ECF No. 38. Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Fed. R. App. P. 24. Under 28 U.S.C. § 1915,

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefore, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> . . .
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Fed. R. App. P. 24(a) provides:

> (1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
>> (A) shows . . . the party's inability to pay or to give security for fees and costs;
>> (B) claims an entitlement to redress; and
>> (C) states the issues that the party intends to present on appeal.
>
> (2) If the district court denies the motion, it must state its reasons in writing.

Thus, the Court must make two determinations when faced with an application to proceed *in forma pauperis*. First, it must determine whether the plaintiff is financially able to pay the filing fee required for an appeal. Here, Plaintiff submitted an updated affidavit and certified copy of his trust fund account statement in his motion for leave to appeal *in forma pauperis*. *See* Mot. for Leave to Appeal *In Forma Pauperis*, ECF No. 42. These documents demonstrate that Plaintiff is unable to pay the $505 appellate filing fee. *See id.*

Second, the Court must determine if the plaintiff has satisfied the good faith requirement. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id*. An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citations omitted). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding

whether an [*in forma pauperis*] appeal is frivolous, a district court determines whether there is 'a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

In this action, Plaintiff asserted that he was subjected to cruel and unusual conditions of confinement when he was made to live in a cell with a non-flushing toilet, such that urine and feces were always present in the cell.[1] Compl., ECF No. 1; Amended Compl., ECF No. 18. This Court dismissed the conditions of confinement claim based on Plaintiff's failure to exhaust his administrative remedies. R. & R., Oct. 30, 2018, ECF No. 31; Order Adopting R. & R., Jan. 4, 2019, ECF No. 37.

In his Notice of Appeal, Plaintiff asserts generally that the Court improperly dismissed his claim for failure to exhaust. Notice of Appeal, ECF No. 39. Although Plaintiff does not raise specific arguments in his notice of appeal, in his objections to the report and recommendation, Plaintiff asserted that the conclusion that he failed to utilize available remedies overlooked his argument that the grievance system was not available both because Counselor Robinson refused to take his grievance and because another inmate's grievance on the same issue had been rejected as non-grievable. Obj. 2-7, ECF No. 36.

Evidence in the record, however, shows that Counselor Robinson did not refuse to take Plaintiff's grievance and that the grievance system allowed for the type of grievance

---

[1] Plaintiff's due process and deliberate indifference to safety claims were dismissed on preliminary screening. Order Adopting R. & R., June 27, 2018, ECF No. 14. Plaintiff does not raise any issues in his appeal documents relating to those dismissals. *See* Notice of Appeal, ECF No. 39; Mot. for Leave to Appeal *In Forma Pauperis*, ECF No. 42.

3

that Plaintiff filed. *See* Ex. A to Reply in Support of Mot. to Dismiss 1-4, ECF No. 26-1; Attach. A-1 to Mot. to Dismiss, ECF No. 16-3. Moreover, the record evidence contradicts Plaintiff's contention that the other inmate's grievance was rejected as non-grievable. In particular, the evidence shows that inmate Darnell Nolley's grievance was rejected because it addressed more than one issue and because Nolley's complaint regarding being locked in a cell with another prisoner was non-grievable. *See* Ex. A to Reply in Support of Mot. to Dismiss 4, ECF No. 26-1; Attach. A-3 to Reply in Support of Mot. to Dismiss, ECF No. 26-4.

Thus, the Court's review of Plaintiff's proposed appellate issues demonstrates that Plaintiff has not raised any issues with arguable merit. Moreover, this Court's independent review of the record demonstrates that Plaintiff's appeal is frivolous. The appeal, therefore, is not brought in good faith. Consequently, Plaintiff's application to appeal *in forma pauperis* is **DENIED**.

If Plaintiff wishes to proceed with his appeal, he must pay the entire $505 appellate filing fee. Because Plaintiff has stated that he cannot pay the fee immediately, he must pay using the partial payment plan described under 28 U.S.C. § 1915(b). Pursuant to § 1915(b), the prison account custodian where Plaintiff is confined shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $505 appellate filing fee has been paid in full. Checks should be made payable to "Clerk, U.S. District Court." The Clerk of Court is **DIRECTED** to send a copy of this Order to the custodian of the prison in which Plaintiff is incarcerated.

**SO ORDERED**, this 26th day of March, 2019.

                                                   *s/ **Hugh Lawson***
                                                   HUGH LAWSON, SENIOR JUDGE